Submitted May 6, remanded for resentencing, otherwise affirmed June 15, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE TEETERS,
*Defendant-Appellant.*

Marion County Circuit Court
13C41576; A158245

379 P3d 839

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction, arguing that the sentencing court erred when it imposed a departure sentence. Defendant committed several thefts, and the state charged him by indictment with numerous crimes. The indictment did not allege any sentence-enhancement facts. Several days later, the state provided defendant with notice that it was seeking an enhanced sentence on the grounds that there were multiple victims of defendant's crimes, OAR 213-008-0002(1)(b)(G), and that defendant had run an organized criminal operation, OAR 213-008-0002(1)(b)(H). Defendant subsequently pleaded guilty to one count of racketeering and seven counts of aggravated first-degree theft. The sentencing court imposed an upward dispositional-departure sentence on a single count of aggravated first-degree theft that was to be served consecutively to the defendant's sentences on the other counts. The sentencing court explained that it was imposing the departure sentence because there were multiple victims of defendant's crimes, defendant had violated private and public trust, and the harm that defendant had caused was greater than typical for the crime. However, the sentencing court found that defendant had not run an organized criminal operation. Defendant objected to the departure sentence, contending that the sentencing court lacked the authority to impose it. The sentencing court disagreed and entered a judgment of conviction.

Defendant appeals the judgment of conviction, reprising his contention that the sentencing court erred in imposing an upward dispositional-departure sentence on the count of aggravated first-degree theft when it lacked the authority to do so under OAR 213-008-0002 and ORS 136.765. The state concedes that the sentencing court erred in imposing the departure sentence.

We accept the state's concession. ORS 136.765 provides that a sentencing court may rely on a sentence-enhancement fact to increase a defendant's sentence only if the fact was pleaded in the accusatory instrument or identified in a written notice to the defendant of enhancement facts that the state intended to prove. The state provided

defendant with notice of its intention to prove two enhancement facts: that there were multiple victims of defendant's crime and that defendant had run an organized criminal operation. Therefore, the sentencing court erred to the extent that it relied on any enhancement fact other than those facts to increase defendant's sentence. Returning to the two enhancement facts for which the state gave defendant notice, the sentencing court found that defendant had not run an organized criminal operation and, consequently, the departure sentence cannot be justified on that ground. The sentencing court did find that defendant's criminal behavior involved multiple victims but, by its terms, that enhancement fact can be used to impose a departure sentence only when it is not "captured in a consecutive sentence." OAR 213-008-0002(1)(b)(G). Because the sentencing court based its imposition of consecutive sentences on the presence of multiple victims, the court could not rely on that fact to impose a departure sentence.

Remanded for resentencing; otherwise affirmed.